EXCELSIOR REFINING COMPANY, d. b. a., *vs.* FRANKLIN J. MURPHEY, p. b. r.

*Appeal—Agency; By Holding out—Actual Agency; Not necessary to bind Principal—Secret Instructions.*

When the action is between the agent and principal it is necessary to prove the actual existence of the agency, in order to bind the parties. But such proof is not absolutely necessary where the principal is dealing through an agent with third persons. If a principal holds out a person and places him in such a position in the community that he is apparently authorized to deal with persons as agent, without any known restrictions or limitations upon his authority, he may be so held out as to bind the principal. And if a person is held out to third persons, or to the public at large by his principal as having a general authority to act for him in a particular business or employment, he cannot limit his authority by private or secret instructions.

(*February* 28, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Samuel H. Baynard, Jr.;* for appellant.

*Reuben Satterthwaite, Jr.,* for respondent.

Superior Court, New Castle County, February Term, 1906.

APPEAL.

LORE, C. J., charging the jury:

Gentlemen of the jury:—In this action Franklin J. Murphey claims from the Excelsior Refining Company the sum of $157.01, with interest from November 1, 1905, for goods which he alleges he sold to the Excelsior Refining Company.

The amount is not disputed, nor is it disputed that the goods charged were delivered to one George W. Green, who the plaintiff claims was the agent of the said company, but the defendant company denies that he was such agent.

So that the question for you to decide is as to whether George W. Green was the agent of the Excelsior Refining Company, or was so held out to be the agent by the said Company as to bind it.

VERDICT.

If this suit was between Green and the defendant company itself—that is, between the agent and the principal—it would be necessary to prove the actual existence of the agency, in order to bind the parties; but the proof of an actual agency existing and its extent is not absolutely necessary where the principal is dealing through an agent with third persons. For it is well-settled law that if a principal holds out a person and places him in such a position in the community that he is apparently authorized to deal with persons as the agent of the company or person, without any known restriction or limitation upon his authority, he may be so held out as to bind the principal. And the courts in this State have well said that if a person is held out to third persons or to the public at large by his principal as having a general authority to act for him in a particular business or employment, he cannot limit his authority by private or secret instructions.

So that whether Green was in this case actually the agent and clothed with all the authority or not, still the defendant would be liable if you should believe from the evidence that he was so held out by this company in dealing with the business people of this or any other community, and that any private or secret restrictions as to the extent of his agency were not known to the people with whom said agent was dealing.

It is for you to say in this case whether the Excelsior Refining Company did so hold out said George T. Green as their agent to this community and that the people dealing with him in the ordinary course of trade had reason to believe that he was their agent and dealt with him as such.

So that if you find that Green either was the actual agent with authority, or that he was so held out by the defendant company, you should find for the plaintiff for the amount agreed upon.

If you find that he was not their agent, or that he was not held out by the defendant company in such a way as to induce the belief that he was such, in that event your verdict should be for the defendant.

Verdict for plaintiff for $160.01.